## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Michael Leon Keller ) | |
| ) | Case No. 2:17-cv-02336 |
| and ) | |
| ) | |
| Mary Elizabeth Keller, ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| Equifax Information Services, LLC, ) | |
| ) | |
| Serve Registered Agent at: ) | |
| Corporation Service Company ) | |
| 2900 S.W. Wanamaker Dr., Suite 204 ) | |
| Topeka, KS 66614 ) | |
| ) | |
| and ) | |
| ) | |
| Trans Union, LLC, ) | |
| ) | |
| Serve Registered Agent at: ) | |
| Prentice-Hall Corporation System, KS, Inc. ) | |
| 2900 S.W. Wanamaker Dr., Suite 204 ) | |
| Topeka, KS 66614 ) | |
|     Defendants. ) | |

## **COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs Michael Leon Keller and Mary Elizabeth Keller, by and through their attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in their Complaint for Damages state and allege to the Court as follows:

## **INTRODUCTION**

This is an action for damages brought by individual consumers Michael Leon Keller and Mary Elizabeth Keller against Equifax Information Services, LLC, and Trans Union, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

1

## JURISDICTION AND VENUE

1.Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2.Venue in this Court is proper in that each defendant transacts business in the state of Kansas and Kansas is where the injuries occurred.

## PARTIES AND SERVICE

3.Michael Leon Keller and Mary Elizabeth Keller (hereafter "**Plaintiffs**"), are natural persons who, at all times relevant, reside in the State of Kansas.

4.Defendant Equifax Information Services, LLC, hereafter ("**Defendant Equifax**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, Corporation Service Company, at 2900 S.W. Wanamaker Dr., Suite 204, Topeka, KS 66614.

5.Defendant Trans Union, LLC, hereafter ("**Defendant TU**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, Prentice-Hall Corporation System, KS, Inc., at 2900 S.W. Wanamaker Dr., Suite 204, Topeka, KS 66614.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.On March 8, 2013, Plaintiffs filed a Chapter 13 Bankruptcy in the District of Kansas as Case No. 13-20519-rdb.

7.The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on March 8, 2013, showing Carrington Mortgage Services, LLC ("Carrington"), Bank of America ("BOA") and TD Bank USA/Target Credit ("Target") were sent notice of Plaintiffs' bankruptcy.

8.    The BNC Certificate of Mailing of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

9.    Plaintiffs had a first mortgage on their residence with Carrington where Plaintiffs made their post-petition payments directly to Carrington.

10.   The mortgage debt owed to Carrington was excepted from Plaintiffs' discharge.

11.   The pertinent pages of Plaintiffs' Chapter 13 Plan are attached as Exhibit B.

12.   The mortgage was transferred to Christiana Trust, A Division of Wilmington Savings ("Christiana"), who filed a Proof of Claim [#9-1].

13.   On or about March 20, 2014, Christiana transferred the mortgage to Kondaur Capital Corporation ("Kondaur").

14.   Notice of Transfer of Claim dated March 20, 2014 is attached as Exhibit C.

15.   On or about May 26, 2015, Kondaur transferred the mortgage to Specialized Loan Servicing, LLC ("SLS").

16.   Notice of Transfer of Claim dated May 26, 2015 is attached as Exhibit D.

17.   Plaintiffs also had unsecured debts with BOA and Target that were discharged through their Chapter 13 Bankruptcy.

18.   Plaintiffs received their discharge on May 10, 2016.

19.   The Notice of Discharge of Debtor After Completion of Chapter 13 Plan was entered on May 12, 2016, showing Carrington, SLS, BOA and Target were sent notice of Plaintiffs' discharge.

20.   The BNC Certificate of Mailing of the Notice of Discharge of Debtor After Completion of Chapter 13 Plan is attached as Exhibit E.

21. On or after January 30, 2017, Plaintiffs requested and reviewed their credit reports from Defendant Equifax, Experian and Defendant TU.

22. Plaintiffs became aware that Carrington, SLS, BOA and Target were misreporting information on their credit reports.

23. Carrington was reporting incorrectly to Defendant Equifax, Experian and Defendant TU that the mortgage debt was discharged through Plaintiffs' Chapter 13 Bankruptcy rather than paid, transferred and closed.

24. The pertinent pages of Plaintiffs' incorrect credit reports are attached as Exhibit F.

25. SLS was reporting incorrectly to Defendant Equifax, Experian and Defendant TU that the mortgage debt was discharged through Plaintiff's Chapter 13 Bankruptcy with no current payment history.

26. The pertinent pages of Plaintiffs' incorrect credit reports are attached as Exhibit G.

27. BOA was reporting incorrectly to Defendant Equifax and Defendant TU that the debt was over 120 days past due, rather than discharged.

28. The pertinent pages of Plaintiffs' incorrect credit reports are attached as Exhibit H.

29. Target was reporting incorrectly to Defendant Equifax, Experian and Defendant TU that the debt was charged off with charge off and past due balances of $5,658.

30. The pertinent pages of Plaintiffs' incorrect credit reports are attached as Exhibit I.

31. On or about February 8, 2017, Plaintiffs sent Disputes to Defendant Equifax, Experian and Defendant TU disputing the incorrect reporting in accordance with 15 U.S.C. §1681i.

32. Copies of Plaintiffs' dispute letters are attached as Exhibit J.

33. Defendant TU failed to send Automated Consumer Dispute Verifications ("ACDV's") to Carrington and SLS as required by 15 U.S.C. §1681i, and deleted both mortgage accounts altogether from Plaintiffs' credit reports.

34. The pertinent pages of Plaintiffs' incorrect Trans Union credit reports are attached as Exhibit K.

35. Defendant Equifax failed to send ACDV's to Carrington, BOA, SLS and Target as required by 15 U.S.C. §1681i, and failed to internally correct the reporting.

36. The pertinent pages of Plaintiffs' incorrect Equifax credit report are attached as Exhibit L.

37. Defendants' failure to conduct a reasonable investigation of Plaintiffs' accounts was a substantial factor causing Plaintiffs reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to their fresh start entitled under the Bankruptcy Code.

38. The inaccurate information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment histories, Plaintiffs' financial responsibility as debtors and Plaintiffs' credit worthiness.

## COUNT I
## DEFENDANT EQUIFAX
## VIOLATIONS OF THE FCRA

39. Plaintiffs repeat, reallege, and incorporates by reference each and every prior paragraph in this Complaint.

40.     Plaintiffs are a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

41.     Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a (f).

42.     The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a (d).

43.     Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to Plaintiffs for engaging in the following conduct:

    a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiffs in violation of 15 U.S.C. §1681i(a);

    b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiffs' disputes to the furnishers, in violation of 15 U.S.C. §1681i(a);

    c. Willfully and negligently failing to provide all relevant information provided by Plaintiffs regarding the disputes of the inaccurate information to the furnishers, in violation of 15 U.S.C. §1681i(a);

    d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiffs concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    e. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiffs; and

    f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, information and files, in violation of 15 U.S.C. §1681e(b).

44. Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by the FCRA in such amount as fair and reasonable, for their actual damages incurred, for the imposition of punitive damages against Defendant Equifax in such sum as will deter Equifax Information Services, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT II
## DEFENDANT TU
## VIOLATIONS OF THE FCRA

45. Plaintiffs repeat, reallege, and incorporates by reference each and every prior paragraph in this Complaint.

46. Defendant TU is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

47. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

48. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant TU is liable to Plaintiffs for engaging in the following conduct:

    a. Willfully and negligently failing to conduct a proper and reasonable

      reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiffs in violation of 15 U.S.C. §1681i(a);

  b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiffs' disputes to the furnishers, in violation of 15 U.S.C. §1681i(a);

  c. Willfully and negligently failing to provide all relevant information provided by Plaintiffs regarding the disputes of the inaccurate information to the furnishers, in violation of 15 U.S.C. §1681i(a);

  d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiffs concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

  e. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiffs; and

  f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, information and files, in violation of 15 U.S.C. §1681e(b).

49. Defendant TU's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant TU is liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by the FCRA in such amount as fair and reasonable, for their actual damages incurred, for the

imposition of punitive damages against Defendant TU in such sum as will deter Trans Union, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Michael Leon Keller and Mary Elizabeth Keller respectfully request this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Correction of all misreported information on Plaintiffs' Equifax and Trans Union credit reports; and

f. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand a trial by jury in this action.

Respectfully submitted,

/s/ Chelsea S. Springer
Chelsea S. Springer #20522
The Law Offices of Tracy L. Robinson, LC
818 Grand Boulevard, Suite 505
Kansas City, MO  64106
Phone:  (816) 842-1317
Fax:     (816) 842-0315
chelseas@tlrlaw.com
Attorney for Plaintiffs